IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:22-CR-114 |
| RASHAWN TARIQ PERKINS, | Hon. Michael S. Nachmanoff |
| *Defendant.* | Sentencing Date: February 9, 2023 |

**THE UNITED STATES' POSITION ON SENTENCING**

The United States of America, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), hereby provides its position paper with respect to the sentencing of the defendant, Rashawn Tariq Perkins. The United States has reviewed the Presentence Investigation Report (the "PSR") and concurs with the findings of the Probation Office, which has correctly calculated the defendant's sentencing range to be a mandatory minimum 336 months with a maximum of life in prison. This range results from the defendant's four convictions for violating 18 U.S.C. § 924(c), each of which carries a mandatory minimum, consecutive sentence of 84 months' imprisonment.

The government respectfully recommends that the Court sentence the defendant to a total term of imprisonment of 336 months and one day,[1] which period appropriately accounts for the

---

[1] Beyond the four § 924(c) offenses, the defendant was convicted of seven additional offenses, the Guidelines range for which the Probation Office has accurately calculated as 100 to 125 months. The government recommends that the Court vary below the Guidelines range for the non-§ 924(c) counts and impose a sentence of one day on each of Counts 6, 8, 10, 11, 13, 15, and 16, to run concurrently with one another. Those concurrent, one-day sentences must run consecutively to the mandatory minimum 336 months on the § 924(c) counts. The total term of imprisonment recommended by the government is thus 336 months and one day.

1

various factors that the Court must consider pursuant to § 3553(a), to be followed by five years of supervised release. Based on the factors set forth in 18 U.S.C. § 3553(a), this sentence is sufficient, but not greater than necessary, to fulfill the purposes of sentencing in this case.

I.  **FACTUAL BACKGROUND AND PROCEDRUAL HISTORY**

Because the government agrees with the description of the offenses as set forth in the PSR, all of the pertinent facts will not be recounted here. In short, the defendant committed four armed robberies in a five-week period. The defendant brandished a firearm when he robbed a 7-Eleven on December 30, 2021 and a Sunoco gas station on January 19, 2022. On February 5, 2022, the defendant returned to both establishments and robbed them at gunpoint again with a co-conspirator. In each robbery, the defendant brandished a firearm at close range in close quarters, intimidating the victims into submission and causing them to fear for their lives. When Fairfax County Police officers executed search and arrest warrants at the defendant's residence, the defendant tossed a handgun he used to commit several of the robberies, a Chiappa Puma, model 1911-22, .22 caliber handgun, out a window.

On September 22, 2022, after a three-day trial, a jury convicted the defendant of the following offenses: Counts 6, 8, 11, and 13, charging interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); Counts 7, 9, 12, and 14, charging the using, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Counts 10, 15, and 16, charging possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF No. 58. The jury did not reach a verdict with respect to Counts 1-5 of the Indictment. *Id.*

**II.     SENTENCING GUIDELINES**

Though the Guidelines are advisory, sentencing courts must consult the Guidelines and take them into account when sentencing a defendant. *United States v. Booker*, 543 U.S. 220, 261 (2005). Thus, at sentencing, a court must first calculate the Guidelines range applicable to the defendant's case. *Nelson v. United States*, 555 U.S. 350, 351 (2009).

A.  Section 924(c) Counts of Conviction

As previously noted, the defendant faces a mandatory minimum total term of imprisonment of 336 months and a maximum sentence of life in prison for the counts of conviction under § 924(c). For each of those counts, the Guidelines sentence is the minimum term of imprisonment required by statute – namely, 84 months on each count – to run consecutively with one another as well as with the term of imprisonment imposed on the remaining counts. *See* U.S.S.G. § 2K2.4(b).

B.  Other Counts of Conviction

The government agrees with the Probation Office that, after grouping related offenses pursuant to the Guidelines, the combined adjusted offense level for the remaining seven counts of conviction is 24. With a criminal history category of VI, the defendant's Guidelines range for those counts is 100 to 125 months.

**III.     § 3553(a) FACTORS**

It is well-settled that after calculating the applicable Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant. *See Nelson*, 555 U.S. at 351; *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006) (stating that the sentencing court must fulfill the sentencing objectives established by congress, namely:

the promotion of respect for the law; just punishment; adequate deterrence; protection of the public; rehabilitation; and restitution to victims). Based on those factors, a sentence of 336 months and one day – one day more than the mandatory minimum period of incarceration – is reasonable and warranted in this case.

### A. Nature, Circumstances, and Seriousness of the Offense (§ 3553(a)(1) & (a)(2)(A))

The nature and circumstances of the offenses of conviction counsel strongly in favor of a lengthy term of imprisonment. The defendant demonstrated a callous disregard for the individuals that he victimized, endangering their lives and instilling them with fear. The defendant's criminal conduct was not an aberration, nor was it a momentary lapse in judgment. These robberies required planning, preparation, travel, and time. Anyone who robs a commercial establishment with a firearm commits an extremely serious offense, the nature of which lends itself to a significant period of incarceration. The defendant did so on four separate occasions. He also repeatedly possessed and brandished a firearm despite having been previously convicted of three felony offenses. The requested sentence sufficiently accounts for the serious nature and circumstances of the defendant's crimes.

### B. History and Characteristics of the Defendant (§ 3553(a)(1))

The defendant is a recidivist. His criminal history category of VI stems from a litany of theft and firearm-related convictions sustained over the course of the past eleven years. The defendant also has a demonstrated history of failing to comply with the terms and conditions of probation. *See* PSR ¶¶ 73, 78, and 79. The sentence imposed in this case should consider the defendant's history of reoffending.

Notwithstanding the gravity of the offenses that the defendant committed and the extent of his criminal history, the government maintains that a sentence beyond 336 months and one day is

unnecessary. While it neither justifies his criminal conduct nor absolves him of culpability, it should be noted that the defendant's life has periodically been plagued by hardship. *See* PSR ¶¶ 90, 91-93, 96, and 97.

### C. The Need to Promote Respect for the Law, the Need to Afford Adequate Deterrence to Criminal Conduct, and the Need to Protect the Public from Further Crimes of the Defendant (§§ 3553(a)(2)(A), (B), and (C))

The requested sentence is sufficient, but not greater than necessary, to accomplish the aims of sentencing enumerated in 18 U.S.C. § 3553(a)(2). With violent gun crime plaguing the nation, the United States respectfully submits that the need for the sentenced imposed in this case to afford general deterrence and the need to promote respect for the law are unfortunately all too apparent here. The requested sentence is also necessary to protect the public from further crimes of the defendant and deter him from reoffending. This sentence would prevent the defendant from victimizing other members of the public. It would specifically deter the defendant from committing further violations of law and would forewarn others who would consider committing armed commercial robberies in the Eastern District of Virginia.

### D. Need for a Term of Supervised Release

The United States also recommends a five-year term of supervised release following the service of the sentence imposed to provide the requisite further deterrent effect.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully asks this Honorable Court to impose a sentence of 84 months on each of Counts 7, 9, 12, and 14 (to run consecutively to one another) and one day on each of Counts 6, 8, 10, 11, 13, 15, and 16 (to run concurrently with one another but consecutively to the sentences imposed on Counts 7, 9, 12, and 14). This sentence

would account for the nature of the defendant's crimes, promote respect for the law, and provide the requisite levels of specific and general deterrence.[2]

An order of forfeiture relating to the Chiappa Puma handgun will be submitted at the sentencing hearing for the convenience of the Court. The government will also be submitting a proposed restitution order that, if entered, will require the defendant to pay restitution to his victims.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: February 2, 2023      By:      /s/
                                  John C. Blanchard
                                  Assistant United States Attorney

---

[2] In a "sentencing package" case such as this one, a successful attack one day by the defendant on some but not all of the counts of conviction might necessitate a "reconfigur[ation] of the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Greenlaw v. United States*, 554 U.S. 237, 254 (2008). If, in such a scenario, Counts 6, 8, 10, 11, 13, 15, and/or 16 were among the remaining counts, the government might well ask the Court to adjust the one-day sentences upward, given that the government's recommendation for a sentence on those counts so far below the Guidelines range is based on the substantial mandatory minimums that come with the other counts of conviction. *See United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (holding that district court had jurisdiction to resentence defendant after successful collateral attack of his § 924(c) conviction).

## CERTIFICATE OF SERVICE

I certify that on February 2, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

I further certify that on February 2, 2023, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

> Kelly M. Smihal
> Senior United States Probation Officer
> Eastern District of Virginia
> Email: Kelly_Smihal@vaep.uscourts.gov

By:         /s/        
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:   (703) 299-3980
John.Blanchard@usdoj.gov